## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BONNIE GARDNER,** | |
| *Plaintiff*, | |
| v. | **Case No. 1:25-cv-02236-JRR** |
| **HARRIS TEETER, LLC,** | |
| *Defendant*. | |

### MEMORANDUM OPINION

Pending before the court is Defendant Harris Teeter, LLC's Motion to Dismiss.  (ECF No. 4; the "Motion.")  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).  For the reasons that follow, by accompanying order, the Motion will be granted.

### I.    BACKGROUND[1]

On April 15, 2022, Plaintiff entered Defendant's retail store located at 1801 Whetstone Way in Baltimore, Maryland.  (ECF No. 2 ¶¶ 2–3; the "Complaint.")  Upon entering, she "slipped and fell due to a wet floor."  *Id.* ¶ 3.  Plaintiff further alleges that, following an MRI on June 6, 2022, she "discovered that she suffered a meniscus tear of her right knee."  *Id.* ¶ 4.  She asserts a claim of negligence against Defendant for breaching its duty in failing "to correct or place warning signs of the dangerous condition of the floor and floor coverings" and "to correct the dangerous condition of the floor coverings."  *Id.* ¶ 7.

On May 29, 2025, Plaintiff initiated suit in the Circuit Court for Baltimore City, Maryland.  (ECF No. 2.)  Defendant subsequently removed the case to this court on July 11, 2025.  (ECF No.

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts in set forth in the Complaint (ECF No. 2).  *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

1.)  That same day, Defendant moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6),

arguing that her negligence claim is time-barred.  (ECF No. 4.)

## II.    LEGAL STANDARD

Defendant contends that Plaintiff's Complaint fails to state a claim upon which relief may

be granted.  FED. R. CIV. P. 12(b)(6).  "A motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) tests the legal sufficiency of the complaint."  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir.

2017), *as amended* (Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)).  In

ruling on a Rule 12(b)(6) motion, the court "must accept as true all of the factual allegations

contained in the complaint."  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435,

440 (4th Cir. 2011) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "A court decides whether this standard is met by separating the legal conclusions from

the factual allegations, assuming the truth of only the factual allegations, and then determining

whether those allegations allow the court to reasonably infer that 'the defendant is liable for the

misconduct alleged.'"  *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011)

(citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the

speculative level, thereby nudging its claims across the line from conceivable to plausible."  *Vitol,*

*S.A. v. Primrose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting

*Twombly,* 550 U.S. at 555, 570).  "The plausibility requirement imposes not a probability

requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a

defendant has acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## III.  <u>ANALYSIS</u>

As discussed above, Defendant moves to dismiss Plaintiff's sole claim, arguing that it is time-barred by the applicable statute of limitations. (ECF No. 4.) In particular, it avers that because the alleged incident occurred on April 15, 2022, Plaintiff's Complaint filed more than three years later, on May 29, 2025, is time-barred pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 5-101 ("CJP § 5-101"). *Id.* at pp. 4–6. Plaintiff urges that her claim is not time-barred because the limitations period did not begin to run until June 6, 2022, the date upon which she discovered she had a torn meniscus. (ECF No. 7 at pp. 2–3.)

Although "the defense of limitations is ordinarily not considered in the context of a motion to dismiss," a court "may dismiss a complaint on statute of limitations grounds 'if the time bar is apparent on the face of the complaint.'" *Ott v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 658 (4th Cir. 2018) (quoting *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)). Relevant here, Maryland law provides that a civil action generally "shall be filed within three years from the date it accrues . . . ."[2] MD. CODE ANN., CTS. & JUD. PROC. § 5-101. The parties agree that Plaintiff's negligence claim is subject to this three-year statute of limitations. *See State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 962–63 (noting that negligence

---

[2] "When choosing the applicable state substantive law while exercising diversity or supplemental jurisdiction, a federal district court applies the choice of law rules of the forum state." *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 961 (D. Md. 2019) (quoting *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 696 (D. Md. 2011)). "This principle extends to limitations." *Id.* Relevant here, Maryland courts ordinarily apply the tort law of the place where the tort occurred under the doctrine of *lex loci delicti. Sherrod v. Achir*, 149 Md. App. 640, 647, 817 A.2d 951 (2003). There is no dispute here that the alleged harm occurred in Maryland and that Maryland law governs Plaintiff's negligence claim.

claims "are . . . subject to a three-year statute of limitations").  The question of accrual pursuant to CJP § 5-101 "is left to judicial determination, unless the determination rests on the resolution of disputed facts regarding discovery of the wrong." *Id.* at 963 (quoting *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 131 (2011)).

"In Maryland, the general rule is that the running of limitations against a cause of action begins upon the occurrence of the alleged wrong." *Poole*, 423 Md. at 131 (citing *Poffenberger v. Risser,* 290 Md. 631, 634 (1981)).  However, in "[r]ecognizing the unfairness inherent in charging a plaintiff with slumbering on [her] rights where it was not reasonably possible to have obtained notice of the nature and cause of an injury," Maryland "has adopted the discovery rule to determine the date of accrual." *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 95–96 (2000) (citing *Hahn v. Claybrook,* 130 Md. 179, 186–87 (1917)).  "The discovery rule protects plaintiffs in a position 'where it was not reasonably possible to have obtained notice of the nature and cause of an injury . . . .'" *Poole*, 423 Md. at 132 (quoting *Frederick Rd.,* 360 Md. at 95).  It provides that "a claim accrues when the plaintiff '*knew or reasonably should have known* of the wrong.'" *Caruso Builder Belle Oak, LLC v. Sullivan*, 489 Md. 346, 364 (2025) (emphasis in original) (quoting *Cain v. Midland Funding, LLC*, 475 Md. 4, 35 (2021)).  Under the discovery rule, "the burden is on Plaintiff[] to prove that [she] did not discover the alleged wrong more than three years before [she] filed suit and that this lack of discovery was not due to Plaintiff['s] unreasonable failure to exercise ordinary diligence." *Finch v. Hughes Aircraft Co*., 57 Md. App, 190, 241 (1984).  Simply put, under the discovery rule, "limitations begin to run when a claimant gains knowledge sufficient to put her on inquiry." *Caruso Builder Belle Oak*, 489 Md. at 364 (quoting *Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435, 445 (2000)).

The discovery rule rests upon two prongs that must be satisfied before the cause of action can accrue. *See Ruggieri v. Piontkowski*, No. 0785, Sept.term, 2021, 2022 WL 703725, at *1 (Md. Ct. Spec. App. Mar. 9, 2022) (discussing the two prongs). First, "a plaintiff must have notice of the nature and cause of his or her injury." *Windesheim v. Larocca*, 443 Md. 312, 327 (2015). Such notice includes actual express notice and "inquiry notice," meaning "knowledge of circumstances which would cause a reasonable person in the position of the plaintiff[] to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged [tort].'" *Est. of Adams v. Cont'l Ins. Co.*, 233 Md. App. 1, 25 (2017) (quoting *Lumsden*, 358 Md. at 446). On this prong, the Appellate Court of Maryland (then the Court of Special Appeals of Maryland) has noted:

> "Inquiry notice is triggered when the plaintiff recognizes, or reasonably should recognize, a harm—not when the plaintiff can successfully craft a legal argument and not when the plaintiff can draft an unassailable and comprehensive complaint." *Fitzgerald v. Bell*, 246 Md. App. 69, 94 (2020) (quoting *Estate of Adams v. Cont'l Ins. Co.*, 233 Md. App. 1, 32 (2017)). A claimant who is on inquiry notice "will be charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation, regardless of whether the investigation has been conducted or was successful." *Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435, 452 (2000). "[T]he limitations period is not tolled until [plaintiff's] investigation bears fruit; *it runs from the time [plaintiff] was on inquiry notice*." *Am. Gen. Assurance Co. v. Pappano*, 374 Md. 339, 356 (2003) (emphasis added).

*Ruggieri*, 2022 WL 703725, at *1 (emphasis in original). The second prong is "the sufficiency of the knowledge that would have resulted from a reasonable investigation;" it "requires that after a reasonable investigation of facts, a reasonably diligent inquiry would have disclosed whether there is a causal connection between the injury and the wrongdoing." *State Auto. Mut. Ins. Co.* 422 F. Supp. 3d at 964 (quoting *Georgia-Pac. Corp. v. Benjamin*, 394 Md. 59, 90 (2006)).

Accepting Plaintiff's allegations as true at the present stage, there is no dispute that the alleged wrong occurred on April 15, 2022. Relying on the discovery rule, however, Plaintiff contends her claim did not accrue until she received the results of the MRI, which showed a tear to her right meniscus. (ECF No. 7 at p. 3.) As she explains:

> There is no dispute that on June 6, 2022, Plaintiff discovered that she suffered a meniscus tear of her right knee after obtaining an MRI. This is the first notice that Plaintiff received regarding the nature of her injury. Without the MRI, it would be impossible for Plaintiff to self-diagnose herself with an injury. Plaintiff obtaining an MRI within two months of the date of incident is an exercise of due diligence.

*Id.* Thus, according to Plaintiff, although she knew of the alleged harm—the slip and fall—in April 2022, the limitations period did not begin to run until she learned, following medical testing, of the meniscus tear in her knee.

The court is not persuaded that Plaintiff's position is supported by law. As the Supreme Court of Maryland (then Court of Appeals of Maryland) explained in another case detailing a slip and fall:

> Appellant has asserted repeatedly that his injury occurred on December 21, 2005. He was fully aware of the nature and cause of his injury, namely falling on ice, as of this date. Therefore, December 21, 2005, is the accrual date of his cause of action, the date on which he had actual notice of the "nature and cause of his injury" and the clock began to run. Appellant had three years from that date, or until December 21, 2008, to file a complaint against those parties he deemed responsible, or potentially responsible, for his injury. Indeed, "when the date of the breach or injury and the discovery of the breach or injury are the same, the discovery rule is satisfied," and the statute of limitations will not be tolled. *See Bragunier Masonry Contractors, Inc. v. Catholic Univ. of Am.,* 368 Md. 608, 628, 796 A.2d 744, 755 (2002).

*Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 132–33 (2011) (footnote omitted) (citation modified). Here too, accepting Plaintiff's allegation as true, she had notice of the injury—that she

slipped on Defendants' premises—as of the date of same. *Cf. Nicassio v. Bekman, Marder & Adkins, LLC*, No. 449, Sept. Term, 2022, 2023 WL 2661156, at *8 (Md. Ct. Spec. App. Mar. 28, 2023) (reasoning that "it doesn't matter what [the plaintiff] understood and when he understood it," but instead whether the instigating event "would have made a reasonable person 'suspicious' enough 'to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge' of their injury") (quoting *Frederick Rd.*, 360 Md. at 98–99).

That Plaintiff did not learn of the extent or precise diagnosis of her injuries, *e.g.*, tear in her meniscus, until June 2022 does not support her contention that her claim did not accrue prior to that point. "The discovery rule is premised on the discovery of the harm, even if the aggrieved party may not be aware of the extent of the harm, the source of the tortious conduct, or other intimate details of the tort." *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 168 (2004) (citing *Doe v. Archdiocese of Washington*, 114 Md. App. 169, 185–86 (1997)); *cf. Nicassio*, 2023 WL 2661156, at *7 (explaining that "the dispositive issue in determining when limitations begin to run is when the plaintiff was put on notice that he may have been injured, . . . and ignorance as to the exact amount of damages sustained at the time of discovery of the wrong 'is not a sufficiently sound reason to postpone the accrual of the action" (citation modified) (quoting *Fairfax Sav., F.S.B. v. Weinberg & Green*, 112 Md. App. 587, 613 (1996)).

As noted above, "[t]he limitations period is not tolled until [plaintiff's] investigation bears fruit; *it runs from the time [plaintiff] was on inquiry notice.*" *See Ruggieri*, 2022 WL 703725, at *1 (emphasis in original) and *Am. Gen. Assurance Co. v. Pappano*, 374 Md. 339, 356 (2003), *supra*. "[T]he beginning of limitations is not postponed until the end of an additional period deemed reasonable for making [an] investigation." *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 134 (2011) (quoting *O'Hara v. Kovens*, 305 Md. 280, 289 (1986)). The three-year

limitations period itself "allows sufficient time . . . for reasonably diligent inquiry and for making a decision as to whether to file suit." *Id.* (quoting *O'Hara*, 305 Md. at 28).

Plaintiff's Complaint presents circumstances where the applicable time bar is apparent on its face. *See Ott*, 909 F.3d at 658, *supra*. Accepting her allegations as true, Plaintiff slipped and fell on Defendant's premises on April 22, 2025. (ECF No. 2 ¶ 3.) Upon that date, and absent any factual allegations suggesting otherwise, she plainly had notice of the harm; at a minimum, the circumstances "would cause a reasonable person in [her] position . . . to undertake an investigation." *See Est. of Adams*, 233 Md. App. at 25, *supra*. Further, per Plaintiff's allegation, her "reasonably diligent inquiry" seemingly did disclose "a causal connection between the injury and the wrongdoing." *See State Auto. Mut. Ins. Co.* 422 F. Supp. 3d at 964, *supra*. She has not alleged any facts to support any impediment to her notice.

That Plaintiff did not know the full extent of her injury until June 6, 2022, is not sufficient to support a lack of notice or that her fall would not have made a reasonable person suspicious to undertake an investigation.[3] *See Dual Inc.*, 383 Md. at 168 and *Nicassio*, 2023 WL 2661156, at *8, *supra*. Instead, the limitations period on Plaintiff's claim began to run from the date of her harm, *e.g.*, her fall, of which she plainly had notice; the discovery rule does not operate to "postpone[]" the limitations period as Plaintiff conducted a reasonable investigation of the extent of her harm or injury. *See Poole*, 423 Md.at 134, *supra*.

Accordingly, considering Plaintiff's allegations and the limitations period at issue, Defendant has met its burden to demonstrate that dismissal of Plaintiff's claim is warranted because it is time-barred on its face. The court will therefore grant the Motion.

---

[3] The court notes that Plaintiff does not allege a connection between the tear of her meniscus and her slip and fall on April 15, 2022. Nonetheless, drawing all reasonable inferences in her favor, the court will assume as such for the purposes of addressing the Motion.

## IV.    <u>CONCLUSION</u>

For the reasons set forth herein, by separate order, Defendant's Motion (ECF No. 4) will be granted.[4]

October 24, 2025                                              /S/

                                              _____
                                              Julie R. Rubin
                                              United States District Judge

---

[4] Defendant seeks dismissal with prejudice.  The court declines to dismiss this action with prejudice.  *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").